IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CATHERINE CMIEL-ACEVEDO, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION |
| | § | NO. |
| MATHEW G. WHITAKER, | § | |
| ACTING ATTORNEY GENERAL, | § | |
| DEPARTMENT OF JUSTICE, | § | |
|     Defendant. | § | |

## *COMPLAINT*

### *Introduction*

1.    This is a complaint for damages, declaratory and injunctive relief authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e et seq. ("Title VII"), and pursuant to the Age Discrimination in Employment and Act of 1967 ("ADEA"), as amended 29 U.S.C., 633a et seq.

2.    This lawsuit is brought to prevent Defendant, MATHEW G. WHITAKER, ACTING ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq. ("Title VII"), and the pursuant to the Age Discrimination In Employment and Act of 1967 ("ADEA"), as amended 29 U.S.C., 633a et seq., from maintaining a policy, practice, custom or usage of discriminating against, Plaintiff, CATHERINE CMIEL-ACEVEDO, in regard to terms, conditions and privileges of employment, and for damages, and other equitable relief for Plaintiff, CATHERINE CMIEL-ACEVEDO, who has been discriminated against by Defendant on the basis of age, gender, reprisal (prior EEO Activity), and harassment hostile work environment.

### *Jury Demand*

3.    A jury is hereby demanded.

*Jurisdiction and Venue*

4.     This action is brought for a declaratory judgment, injunctive relief and compensatory damages, pursuant to 42 U.S.C. Section 1983, 20 U.S.C. Sections 1681-1688, 28 U.S.C. Sections 2201 and 2202.  This Court has jurisdiction to hear the Plaintiff's claims pursuant to 28 U.S.C. Sections 1331, 1343(3) and (4) 1337 and 42 U.S.C. 2000e-5(f) [Section 706(f)(s) and (3) and 704(a) of Title VII], and pursuant to the Age Discrimination In Employment And Act of 1967 (ADEA), as amended 29 U.S.C., 633a et seq.

5.     Venue is proper in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. Section 1391(b) as El Paso County, Texas is the county where the Defendant operates the MATHEW G. WHITAKER, ACTING ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, Plaintiff's employer.  Further, all actions complained of herein occurred within the El Paso County, Texas.

*Parties*

6.     **CATHERINE CMIEL-ACEVEDO** is a female citizen of the United States and a resident of the City of El Paso, El Paso County, Texas.

7.     Plaintiff is employed by the Defendant, MATHEW G. WHITAKER, ACTING ATTORNEY GENERAL, DEPARTMENT OF JUSTICE.  The Defendant maintains and administers records relevant to its employment practices.  Service of process may be made upon the United States Attorney for the Western District of Texas, and the United States Attorney General, Department of Justice, by registered or certified mail, pursuant to the Federal Rules of Civil Procedure (Rules 4(I)(1)(A), (B) & (C)).

8.     Defendant is an employer within the meaning of 42 U.S.C. 2000e, et seq., ("Title VII"), and pursuant to the Age Discrimination in Employment and Act of 1967 (ADEA), as amended 29 U.S.C., 633a et seq.

### *Exhaustion of Remedies*

9.      Plaintiff filed a formal complaint of discrimination.   Such filing was within at least 45 days

of the last act of which she complained.  Plaintiff's formal complaint alleged denial of Plaintiff's

rights, by Defendant, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as

amended by the Civil Rights Act of 1991, and pursuant to the Age Discrimination In Employment

and Act of 1967 (ADEA), as amended 29 U.S.C., 633a et seq.  Specifically, CATHERINE CMIEL-

ACEVEDO alleges that she was discriminated against because of her age, sex (female) and subject

to retaliation (prior EEO Activity), and hostile work environment and reprisal.

10.     All conditions precedent to the filing of the lawsuit has been met.

### *Factual Allegations Agency No. DEA-2015-01892*

11.     Complainant was discriminated against because of her prior EEO activity, age and gender

(female).  Plaintiff was denied training for a Case Manager position, assignments of duties, non-

selection and subjected to harassment and a hostile work environment. Specifically, when she

learned that allegedly did not meet the specialized experience for vacancy announcement number F-

EP-15-1319377-MP-JSD, GS-0341-13114.

12.     Complainant is a female born on April 27, 1959.  She joined the DEA in 1984 as a Clerk

Typist. Since 2006, Complainant has been a Lead Information Technology ("IT") Specialist, GS-

2210-14, for the Agency's El Paso Intelligence Center ("EPIC").  Complainant's duties as Lead IT

Specialist include overseeing EPIC's IT Security staff and User Access Management team.

Complainant supervised four Federal employees and "oversee" the work of four contract employees

because contractor employees can only be "supervised" by their own company.

13.     On February 20, 2015, Complainant applied for the position at issue: Administrative

Officer, GS-0341, as advertised by Vacancy Announcement Number F-EP-15-1319377-MP-JSD.

The advertised position was located in the El Paso Field Division, which is not to be confused with Complainant's office, EPIC. The DEA HQ Office of Human Resources is responsible for hiring support staff for all DEA offices in the field and at Headquarters.

14.     Complainant applied for the GS-14 position, for which she is qualified, since she has been a GS-14 since 2006, and since she had previously qualified for the GS-341-14 position in 2010 with five years less experience than at the time of the vacancy announcement referenced for this case.

15.     To be eligible for selection by the head of the El Paso Field Division, Complainant had to meet the required specialized experience. The specialized experience required for the GS-14 Administrative Officer position is set forth in the Vacancy Announcement as follows:

> You must have one (1) year of specialized experience equivalent to at least the
> GS-13 Federal grade level performing duties such as managing and coordinating
> of a subordinate staff, establishing guidelines and performance expectations,
> independently planning, designing and carrying out programs, projects, and
> studies; providing subject matter expertise on financial and administrative
> program advice to managers; reviewing and analyzing acquisition, utilization,
> disposition, and accountability of resources; anticipating program initiatives,
> priorities and manpower trends; and advising, senior level management on Human
> Resource related matters.

16.     However, in this instance, the "specialized experience" required for the GS-14 Administrative Officer position was listed under "QUALIFICATIONS REQUIRED:" on the Vacancy Announcement; however, it should be noted that under the GS-14 requirements, the paragraph indicates "You must have one (1) year of specialized experience equivalent to at least the GS-13 Federal grade level performing duties **such as [emphasis added]** managing and coordinating

of subordinate staff, … and advising, [sic] senior level management on Human Resources related matters." When the term "such as" is used, the items listed are understood to be examples of experience that would be considered and not an exhaustive list where each item had to be addressed.

17.   Not just "As part of her application package," but as "the complete package," Complainant submitted the questionnaire, a resume, an SF-50, and her Knowledge, Skills, and Abilities (KSAs).

18.   To be eligible for selection by the head of the El Paso Field Division, the candidate had to meet the required specialized experience. Complainant's "specialized experience" was included in both her resume and KSAs. Ms. Lassiter did not submit Complainant's name for consideration on the Best Qualified List (BQL) to the head of the El Paso Field Division.

19.   In addition, Ms. Rebeca Gonzalez, Assistant Administrative Officer at EPIC stated:

> "I also applied for the Administrative Officer position against vacancy announcement F-EP-15-1319377-MP-JSD. My name was referred to the selecting official and I was called for an interview **when in reality I have less experience that the Complainant." [emphasis added]**

20.   Furthermore, Ms. Chaninton C. Avery, who had been Complainant's co-worker and supervisor stated:

> "During the time I was assigned to the Administrative Section the Complainant frequently performed the duties as the Acting Administrative Officer and did an outstanding job, in my opinion. She has years of experience conducting budget planning, conducting personnel administrative actions, directing, coordinating and supervising staff functions at all levels throughout EPIC. **Based on my personal knowledge of the Complainant she is qualified and has the specialized experience required to perform the duties of the Administrative Officer, GS-0341-13/14 position." [emphasis added]**

21.   In addition, Robert W. Haverly, Jr., Former Administrative Officer, GS-0341-14, at EPIC and Complainant's former supervisor, stated:

> "The Complainant worked for me and she was an excellent writer, had great thought

processes and was an excellent Program Manager. Ms. Cmiel-Acevedo did an outstanding job and I find it very hard to believe that she did not meet the specialized experience required for Vacancy Announcement F-EP-15-1319377-MP-JSD, GS-0341-13/14, Administrative Officer. **Based [sic] her demonstrated knowledge and capabilities in budgeting and administrative functions, combined with her outstanding experience I am surprised that she did not make the Best Qualified List for the position in question." [emphasis added]**

22.     On March 3, 2015, Complainant received an email from  usastaffingoffice@opm.gov

notifying her that she did not qualify for the position. The next day, on March 4, Complainant

emailed Human Resources ("HR") Specialist Jordan Dent, and requested a reassessment of her

application. Several days later, on March 9, Dent and Complainant had a telephone conversation in

which Dent informed Complainant that a reassessment of her application had been completed.

Even though they stated the reassessment was conducted, Complainant was not advised that the

decision was final, or that she would not be able to elevate the matter further through the agency's

chain of command.

23.     Dent said that she and three other individuals had reviewed Complainant's resume and

determined that she did not have the specialized experience needed to qualify for the position of

Administrative Officer. However, the individuals did not review the entire application package and

even when reviewing Complainant's resume, they did not give her credit for the experience she does

have, that would have qualified Complainant for the position.

24.     The Agency states that the DEA's review of Complainant's application was supervised by

Unit Chief Clarise Brice- Lassiter. In reality, Ms. Lassiter's claims, in Paragraph 2 of her

Supplemental Declaration, that she is "employed as a Unit Chief in the Drug Enforcement

Administration's (DEA) Office of Human Resources." She oversees and supervises "the Staffing

Unit for Headquarters and Professional, Administrative, Technical, Clerical, and Other field

positions (HRRH)." It should be noted that within DEA, the Administrative Officers and the IT

positions are considered Professional, Administrative, Technical, Clerical and Other or PATCO positions; therefore, Ms. Lassiter and her staff should be fully aware of the qualifications of the numerous positions within the PATCO series and should be able to qualify individuals who apply for positions within the PATCO series even though they apply across different series. The fact that Ms. Lassiter and her staff could not comprehend the depth of experience and therefore not qualify a Lead IT Specialist who had been a Program Analyst, a Diversion Investigator, and a Staff Coordinator at DEA Headquarters for an Administrative Officer position after that person had previously qualified for the GS-341-14 position, shows that there is a problem with the qualification process in her unit and/or there is blatant discrimination occurring. Ms. Lassiter states that her unit "performs a variety of administrative and staffing functions, one of which is [**such as**] to determine whether applicants for certain administrative positions, including Administrative Officer, GS-0341-13/14, meet the specialized experience in order to be qualified for those positions."

25.    Even though Ms. Lassiter and her staff are stationed at DEA Headquarters in Arlington, VA, she is responsible for overseeing and supervising "the Staffing Unit for Headquarters and Professional, Administrative, Technical, Clerical, and Other field positions (HRRH)." This oversight includes EPIC and the El Paso Field Division. While Lassiter claims to have reviewed Complainant's application herself, and made the final determination that Complainant did not qualify for the position, Ms. Lassiter herself could not have thoroughly read and comprehended the experience in Complainant's resume and still make the final determination that she was not qualified for the position unless Ms. Lassiter was being biased and/or exhibiting discrimination.

26.    The Agency further states that Lassiter supervised HR Specialists Jordan Dent, Jamica McCoy, and Yvon Luckey. While Ms. Lassiter was the supervisor of record for Ms. Dent, Ms. McCoy, and Ms. Luckey; however, it does not appear that she instructed them nor effectively

oversaw their work regarding the initial assessment or the reassessment since they gave Complainant credit for her experience from May 1993 through March 1997 as a GS-13, which exceeds the one-year of required specialized experience at the GS-13 level, and then they failed to add Complainant to the Best Qualified List. Complainant's resume shows that she was promoted to a GS-13 Supervisory Diversion Investigator in May 1993 as a Staff Coordinator at DEA HQ, and during those three and one-half years she advised senior level management concerning various human resource issues including contract proposal reviews, technical evaluation panels, cost-benefit analyses of staff travel, and recommendations to unit and section chiefs concerning inspection findings.

27.     As stated in Complainant's resume, as a GS-14, she managed and coordinated the functions of a subordinate staff from May 2006 to February 2009 as the Lead IT Specialist; from February 2009 through September 2010 as the Data Management Unit Chief; and from January 2014 to February 2015 as the supervisor for the User Access Management Team.   As stated in Complainant's resume, she also advised senior level management on program initiatives, priorities and manpower trends, budget and acquisition, and Human Resource-related matters from March 1997 through January 2000 as the GS-13 Program Analyst for the SAC in the Caribbean Field Divisio; from February 2009 through September 2010 as the GS-14 Data Management Unit Chief in the Watch Operations Section at EPIC; and from February 2013 through February 2015 as the GS-14 Acting Section Chief, Deputy Section Chief, and User Access Management supervisor at EPIC. Complainant's qualifications are superior to those of Ms. Waters.

28.     Even though Ms. Lassiter and her staff are stationed at DEA Headquarters in Arlington, VA, she is responsible for overseeing and supervising "the Staffing Unit for Headquarters and Professional, Administrative, Technical, Clerical, and Other field positions (HRRH)." This

oversight includes EPIC and the El Paso Field Division.  While Lassiter claims to have reviewed

Complainant's application herself and made the final determination that Complainant did not

qualify for the position,  Ms. Lassiter herself could not have thoroughly read and comprehended

the experience in Complainant's resume and still made the final determination that Complainant

was not qualified for the position unless Ms. Lassiter was being biased and/or exhibiting

discrimination.

29.     The Agency ultimately selected Irma Waters for the position. Waters and Complainant were

both 55 years old when the Agency reassessed Complainant's application on March 9, 2015, and

determined that Complainant lacked the necessary experience.  This assessment is erroneous.

Complainant "specialized experience" was included in both her resume and KSAs. Ms. Lassiter did

not submit Complainant's name for consideration on the Best Qualified List (BQL) to the head of

the El Paso Field Division.

30.     In addition, as evidenced in the ROI at page 173, Ms. Rebeca Gonzalez, Assistant

Administrative Officer at EPIC stated:

> "I also applied for the Administrative Officer position against vacancy
>
> announcement F-EP-15-1319377-MP-JSD. My name was referred to the selecting
>
> official and I was called for an interview **when in reality I have less experience**
>
> **that the Complainant." [emphasis added]**

31.     Ms., Chaninton C. Avery, who had been Complainant's co-worker and supervisor stated:

> "During the time I was assigned to the Administrative Section the Complainant
> frequently performed the duties as the Acting Administrative Officer and did an
> outstanding job, in my opinion.  She has years of experience conducting budget
> planning, conducting personnel administrative actions, directing, coordinating and
> supervising staff functions at all levels throughout EPIC. **Based on my personal**
> **knowledge of the Complainant she is qualified and has the specialized**

**experience required to perform the duties of the Administrative Officer, GS-0341-13/14 position." [emphasis added]**

32.     In addition, Robert W. Haverly, Jr., Former Administrative Officer, GS-0341-14, at EPIC and

Complainant's former supervisor, stated:

> "The Complainant worked for me and she was an excellent writer, had great thought processes and was an excellent Program Manager.  Ms. Cmiel-Acevedo did an outstanding job and I find it very hard to believe that she did not meet the specialized experience required for Vacancy Announcement F-EP-15-1319377-MP-JSD, GS-0341-13/14, Administrative Officer.  **Based [sic] her demonstrated knowledge and capabilities in budgeting and administrative functions, combined with her outstanding experience I am surprised that she did not make the Best Qualified List for the position in question."  [emphasis added]**

33.     Ms. Lassiter was the supervisor of record for Ms. Dent, Ms. McCoy, and Ms. Luckey;

however, it does not appear that she instructed them nor effectively oversaw their work regarding the

initial assessment or the reassessment since they gave Complainant credit for her experience from

May 1993 through March 1997 as a GS-13, which exceeds the one-year of required specialized

experience at the GS-13 level, and then they failed to add Complainant to the Best Qualified List.

34.     Complainant's resume shows that she was promoted to a GS-13 Supervisory Diversion

Investigator in May 1993 as a Staff Coordinator at DEA HQ, and during those three and one-half

years she advised senior level management concerning various human resource issues including

contract proposal reviews, technical evaluation panels, cost-benefit analyses of staff travel, and

recommendations to unit and section chiefs concerning inspection findings.   As stated in

Complainant's resume, as a GS-14, she managed and coordinated the functions of a subordinate staff

from May 2006 to February 2009 as the Lead IT Specialist; from February 2009 through September

2010 as the Data Management Unit Chief; and from January 2014 to February 2015 as the supervisor

for the User Access Management Team.  As stated in Complainant's resume, she also advised senior

level management on program initiatives, priorities and manpower trends, budget and acquisition,

and Human Resource-related matters from March 1997 through January 2000 as the GS-13 Program Analyst for the SAC in the Caribbean Field Division; from February 2009 through September 2010 as the GS-14 Data Management Unit Chief in the Watch Operations Section at EPIC; and from February 2013 through February 2015 as the GS-14 Acting Section Chief, Deputy Section Chief, and User Access Management supervisor at EPIC.

35.    Complainant filed her first Formal EEO Complaint on November 21, 2014. In this case, it is important to note that the date of first contact with the EEO Office was April 4, 2014, and due to the delay on the part of the EEO Counselor and DEA Headquarters' EEO Office, the date of receipt of notice of final interview with the EEO Counselor in that case was November 6, 2014. Also, in this case, Complainant qualified for the GS-15 position, her name was submitted on the BQL, and she was interviewed for the GS-15 position; however, a male, under 40 years of age was selected. Complainant does not have knowledge, evidence, nor "specific knowledge" that Lassiter, Dent, Luckey, or McCoy, was influenced by anyone in regard to her qualifications.

### COUNT ONE
### AGE DISCRIMINATION

36.    Plaintiff realleges paragraphs 1 - 35 as if fully set forth herein.

37.    The actions of Defendant, constituted age discrimination against Plaintiff in the creation and condemnation of an age bias which changed the terms and conditions of her employment.

38.    The unlawful employment practices in violation of the ADEA, herein complained of, occurred in the course of Plaintiff's employment with Defendant, and were carried on by Defendant's agents, servants, and employees and committed because of Plaintiff's age.

39.    Defendants discriminated against Plaintiff herein because of her age with respect to the terms, conditions, privileges, advantages and benefits of her employment with Defendant. Specifically,

Plaintiff was held to stricter standards of performance, and denied benefits of employment accorded other employees.

40.     In addition, Plaintiff was treated dissimilarly from other employees.

41.     By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings heretofore and is therefore entitled to attorney's fees pursuant to the ADEA and under the General Equity Powers of the Court.

## *COUNT TWO*
### *REPRISAL/RETALIATION*

42.     The Plaintiff, CATHERINE CMIEL-ACEVEDO re-alleges paragraphs 1 - 41 as if fully set forth herein.

43.     Defendant retaliated against Plaintiff, **CATHERINE CMIEL-ACEVEDO** herein since it engaged in reprisal and retaliation in violation of Title VII of the Civil Rights Act and/or the ADEA. Specifically, Plaintiff, **CATHERINE CMIEL-ACEVEDO** suffered adverse employment consequences as a direct result of her participation or assistance in prior EEOC process.  As a direct and proximate result of these actions, Plaintiff, **CATHERINE CMIEL-ACEVEDO** suffered retaliation and reprisal.

44.     By reason of the Defendant's actions, Plaintiff, **CATHERINE CMIEL-ACEVEDO** found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorney's fees pursuant to Title VII, and under the general equity Powers of the Court.

## *COUNT THREE*
### *TITLE VII VIOLATION - GENDER (SEX)*

The Plaintiff realleges paragraphs 1 – 44 as if fully set forth herein.

45.     Defendant discriminated against Plaintiff herein since the agents and employees of Defendant engaged in discrimination based on sex in violation of Title VII of the Civil Rights Act. Specifically,

the Plaintiff suffered adverse employment consequences as a direct result of sex). As a direct and proximate result of these actions, Plaintiff suffered sex discrimination.

46. By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorneys fees pursuant to Title VII and under the general equity Powers of the Court.

### COUNT FOUR
### HOSTILE WORK ENVIRONMENT

47. Plaintiff realleges paragraphs 1-46 as if fully set forth herein.

48. The actions of Defendant, constituted a hostile work environment against Plaintiff, CATHERINE CMIEL-ACEVEDO in the creation and condonation of a hostile work atmosphere which changed the terms and conditions of her employment.

49. The unlawful employment practices in violation of the Civil Rights Act and the ADEA herein complained of, occurred in the course of Plaintiff's employment with Defendant, were carried on by Defendant's agents, servants, and employees and committed because of Plaintiff's age and gender made the work environment one that a reasonable person could not endure without injury.

50. Defendant discriminated and retaliated against Plaintiff herein as a female with respect to the terms, conditions, privileges, advantages and benefits of her employment with Defendant. Specifically, Plaintiff was harassed, held to stricter standards of performance, and denied benefits of employment accorded other employees.

51. In addition, Plaintiff was treated dissimilarly from other employees.

52. By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings heretofore and is therefore entitled to attorney's fees pursuant to the Title VII, and under the General Equity Powers of the Court.

WHEREFORE, Plaintiff respectfully requests:

a.       A declaratory judgment, declaring Defendant's acts, through the acts of its agents, employees and successors, herein complained of to be in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the ADEA.

b.       Compensatory damages against the Defendant for each violation of Plaintiff's rights, as protected by Title VII and the ADEA for her pain, suffering, emotional distress, humiliation and for any resulting physical and emotional damages, in the amount of $300,000.00;

c.       Attorney's fees, court costs, prejudgment and post judgment interest as provided by law including Title VII, and the ADEA; and

d.       Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**The Law Office of Enrique Lopez**
701 N. St. Vrain Street
El Paso, Texas 79902
(915) 351-0595
(915) 534-7207 (Fax)

By: _____
ENRIQUE LOPEZ
State Bar No.: 12563750

**Attorney for Plaintiff**